# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                                  No. 4:22-cr-038-DPM-2

CLAYVEON HOWARD

## REPORT AND RECOMMENDATION

**I.      Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.     Findings of Fact**

On March 21, 2023, Defendant Clayveon Howard appeared with his lawyer, John C. Barttelt, to enter a plea of guilty to the offense of Possession of a Firearm

by a Felon, a violation of Title 18 U.S.C. Section 922(g)(1).[1] Mr. Howard consented to having a magistrate judge preside over the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney Amanda Fields, appearing on behalf of the government, also consented.

At the hearing, Mr. Howard acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the Indictment, the sentencing guidelines, the possible penalties he faces, and forfeiture of firearms and ammunition. Mr. Howard affirmed his satisfaction with Mr. Barttelt's representation and work on his behalf in this case.

There is no plea agreement in this case.

Before entering his guilty plea, Mr. Howard acknowledged the possible criminal penalties that will follow his guilty plea, specifically: a prison sentence of not more than 10 years; a fine of not more than $250,000; a term of supervised release not to exceed 3 years; and a special penalty assessment of $100. Mr. Barttelt and Ms. Fields agreed that the Armed Career Criminal Act likely would not apply in this case based on Mr. Howard's known criminal history; but Mr. Howard acknowledged that, if an investigation reveals a more extensive criminal

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 41*.

[2] *Doc. 55*.

history, he could face enhanced penalties as a career offender. Mr. Howard acknowledged that the sentence to be imposed is solely Chief Judge Marshall's decision.

At the hearing, Mr. Howard expressed his understanding that, by pleading guilty, he is giving up many of his constitutional rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; and the right to cross-examine (through counsel) witnesses against him at a trial.

Mr. Howard confirmed that he is pleading guilty to the crime of Possession of a Firearm by a Felon because he is actually guilty of that crime. Specifically, he admitted that, on January 26, 2022, in the Eastern District of Arkansas, he knowingly possessed a firearm even though he knew he could not legally possess a gun due to his previous felony conviction in state court. The parties agreed that the firearm in this case was transported across state lines and, therefore, affected interstate commerce.

Mr. Barttelt concurred in Mr. Howard's decision to plead guilty and stated that, in his opinion, Mr. Howard is fully competent to enter an informed guilty plea. Mr. Barttelt further stated his belief that Mr. Howard's decision to plead guilty is voluntary and made with full knowledge of the consequences.

Considering Mr. Howard's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Howard's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession of a Firearm by a Felon, as charged in Count III of the Indictment.[3]

### III. Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept the Defendant's plea of guilty to the crime of Possession of a Firearm by a Felon, in violation of Title 18 U.S.C. Section 922(g)(1), and adjudge Defendant Clayveon Howard guilty of that offense.

DATED this 22nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Counts I and II of the Indictment set out charges only against Ynohtna W. Carroll, Mr. Howard's co-defendant.